IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA - CIVIL DIVISION

REMY ENTERPRISE GROUP, LLC,         )
108 West 13th Street,               )
Wilmington, DE 19801,               )
a Delaware Limited Liability Company, )
                                    )
and                                 )
                                    )
MAKINI R. CHAKA,                    )
Baltimore, MD 21234,                )
                                    )
    Plaintiffs,                 )
                                    )
v.                                  )     Civil Case No: _____
                                    )
FREDERICK DAVIS,                    )
19366 Coppermine Square,            )
Leesburg, VA, 20176,                )
                                    )
and                                 )
                                    )
ONE OR MORE JOHN DOES,              )
                                    )
    Defendants.                 )

**COMPLAINT**

Plaintiffs Remy Enterprise, LLC and Makini R. Chaka, by and through Sulton Law Offices, PLLC, bring this action for monetary damages for defamation, invasion of privacy, tortious interference with contract, and intentional infliction of emotional distress.

## JURISDICTION AND VENUE

1. This Court is vested with jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

2. The unlawful practices alleged herein were committed within the judicial district of the United States District Court for the District of Columbia. Venue of this action is vested in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Remy Enterprise Group, LLC ("Remy") is a Delaware limited liability company. It was formed on September 21, 2009, and assigned by the Delaware Secretary of State File Number 4732917. Remy engages in the business of arranging celebrity appearances at public and private events and coordinating the logistics for those appearances, e.g., security for the celebrities and fans' photographs with the celebrities.

4. Plaintiff Makini R. Chaka, is an adult resident of the State of Maryland. She is an owner of Remy Enterprise Group, LLC.

5. Defendant Frederick Davis is an adult resident of the Commonwealth of Virginia. He is a professional athlete and public figure. Davis has played tight end for the Washington Redskins since 2008.

6. One or More John Does are adults or companies engaging in some of the actions complained of herein. On information and belief, the John Doe Defendants are not residents of or based in the State of Maryland.

## ADDITIONAL ALLEGATIONS OF FACT
## FOR ALL CAUSES OF ACTION

7. Remy secures celebrities' appearances at public and private events. This small company's clients include professional athletes, music recording artists, and other well-known entertainers.

8. The venues hosting the celebrities' appearances pay a fee to the celebrities for their appearances. Remy is paid, by the venues or by the celebrities, a portion of the fee paid for the celebrities' appearances. Many of these appearances occur at nightclubs in Washington, DC.

9. Davis employs a bodyguard named Stewart Prince.

10. Davis and Prince are aware that Remy is in the business of securing celebrity appearances at events.

11. Davis and Prince are aware of some of the promoters, professional teams, professional athletes, and venues with which Remy had ongoing business relationships.

12. Davis and Prince are aware that Chaka is an owner of Remy, Remy is a small company, and that Chaka's good name, and reputation as a law-abiding citizen, are crucial to Remy's ability to maintain its current clients and to secure new clients.

13. In January 2011, Davis threw a bottle at Chaka, hitting her in the face and causing physical injuries.

14. Chaka filed a lawsuit against Davis, alleging Davis assaulted her and requesting a restraining order. The DC Superior Court issued a preliminary injunction.

15. In 2012, Davis and Prince repeatedly told third parties that Chaka is a "madam" and "pimpette" who procures prostitutes for professional athletes.

16. This statement is false.

17. At the time Davis and Prince made this statement to third parties, they knew it was false.

18. Among the third parties to whom Davis and Prince made this false statement are existing and prospective clients of Remy.

19. Davis' and Prince's false statement also was published in the news media, appearing in print, on the radio, on television, and on the internet.

20. In an attempt to mitigate their damages, Plaintiffs contacted news media outlets and requested that they stop publishing Davis' and Prince's statement that Chaka is a "madam" and "pimpette". Most of the news media outlets complied.

21. One or More John Does continued to publish stories that Chaka is a "madam" and "pimpette".

22. Davis, Prince, and One or More John Does also made public false imputations about Chaka, insinuating, among other things, that she is violent, dishonest, and/or an extortionist.

23. Before Davis and Prince published the false statements about Chaka, Remy annually earned over $60,000 in its share of celebrity appearance fees.

24. Since the publication of the false statements by Davis and Prince, Remy annually earned less than $30,000 in its share of celebrity appearance fees.

## FIRST CAUSE OF ACTION:
## DEFAMATION

25. Plaintiffs incorporate here all paragraphs alleged above.

26. Davis and Prince repeatedly told third parties, orally and/or in writing, that Chaka is a "madam" and "pimpette" who procures prostitutes for professional athletes.

4

27. This statement is false.

28. This statement is defamatory because it harmed Plaintiffs' reputations, caused them to be held up to public ridicule and contempt, and deterred others from associating with them. It injured Plaintiffs in their trade and community standing and lowered them in the estimation of the community.

29. At the time Davis and Prince published this statement to third parties, they knew the statement was false and defamatory.

30. Davis and Prince's unlawful action against Plaintiffs was taken in malicious, willful, wanton, reckless indifference to, deliberate indifference to, and/or reckless disregard of Plaintiffs' rights as guaranteed by laws prohibiting defamation.

31. As a direct, foreseeable, and proximate result of Davis' and Prince's intentional illegal conduct complained of herein, Plaintiffs suffered injuries and damages, including but not limited to lost income and profits, damage to their reputations, and emotional distress. These injuries and damages continue into the present and will continue into the foreseeable future.

32. Plaintiffs request relief as hereinafter provided.

**SECOND CAUSE OF ACTION:**
**INVASION OF PRIVACY**

25. Davis and Prince made public an imputation about Chaka, which placed Chaka in a false light that a reasonable person would consider offensive. Namely, Davis and Prince insinuated that Chaka is violent, dishonest, and/or an extortionist.

26. Davis and Prince acted in disregard of the truth of the imputation and in reckless disregard of whether the imputation would put Plaintiffs in a false light.

27. As a direct, foreseeable, and proximate result of Davis' and Prince's intentional illegal conduct complained of herein, Plaintiffs suffered injuries and damages, including but not limited to lost income and profits, damage to their reputations, and emotional distress.

28. These injuries, damages and other losses continue into the present and will continue into the foreseeable future.

29. Plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION:
### TORTIOUS INTERFERENCE WITH CONTRACT

33. Plaintiffs incorporate here all paragraphs alleged above.

34. Davis and Prince told third parties that Chaka is a "madam" and "pimpette" who procures prostitutes for professional athletes.

35. Among the third parties to whom Davis and Prince made this false statement were Remy's current clients, with whom Remy had celebrity appearance contracts, including but not limited to celebrities, promoters, and venues in Washington, DC, and Baltimore, Maryland.

36. Davis and Prince made the false and defamatory statement to Remy's current and prospective clients for the purpose of harming Remy's business.

37. At the time Davis and Prince made this false statement to Remy's clients, Davis and Prince knew that their statement would result in Remy's clients canceling their contracts with Remy and discontinuing business with Remy in the future.

38. After Davis and Prince told Remy's clients that Chaka is a "madam" and a "pimpette" who procures prostitutes for professional athletes, most of Remy's clients canceled their contracts with Remy and stopped doing business with Remy.

39. Davis and Prince intentionally interfered with the performance of Remy's clients' contracts in a way that caused these celebrities, promoters, and venues to breach, cancel and/or discontinue their contracts with Remy.

40. Remy's business was harmed by Davis' and Prince's intentional and tortious interference with Remy's contractual relations with Remy's clients.

41. As a direct, foreseeable, and proximate result of Davis' and Prince's unlawful conduct complained of herein, Remy suffered lost income and profits.

42. These injuries, damages and other losses continue into the present and will continue into the foreseeable future.

43. Plaintiffs request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiffs incorporate here all paragraphs alleged above.

34. Davis and Prince told third parties that Chaka is a "madam" and "pimpette" who procures prostitutes for professional athletes.

35. Davis' and Prince's conduct is outrageous because it was intentionally done for the purpose of harming Chaka in retaliation for Chaka filing a lawsuit seeking vindication of her legal rights not to be assaulted in a public place by a professional athlete.

36. Davis' and Prince's conduct was undertaken with reckless disregard of the consequences, and Davis and Prince should have known that said conduct would and did cause severe emotional distress to Chaka.

37. As a direct, foreseeable, and proximate result of Davis' and Prince's unlawful conduct complained of herein, Chaka suffered injuries, damages and other losses, including but not limited to emotional distress.

38. These injuries, damages and other losses continue into the present and will continue into the foreseeable future.

39. Plaintiffs request relief as hereinafter provided.

## RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request that this honorable Court enter judgment against Defendants, and provide the following relief:

   A. An order that Defendants pay, jointly and severally, all damages Plaintiffs sustained as a result of the defamation, invasion of privacy, tortious interference with contract, and intentional infliction of emotional distress, including, but not limited to compensatory damages, general damages, punitive damages, plus pre- and post-judgment interest and other statutory penalties;

   B. An order that Defendants pay, jointly and severally, all costs of action incurred herein, including reasonable attorneys' fees and expert fees to the extent available under federal laws;

   C. Retention of jurisdiction over this action to assure full compliance with the Orders of the Court; and

   D. Such other and further legal and equitable relief as this Court deems just and reasonable under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a jury trial on all causes of action and claims with respect to which Plaintiffs have a right to jury trial.

Dated this 9th day of April, 2013.

**SULTON LAW OFFICES, PLLC**

**s/PATRICE A. SULTON**
Patrice A. Sulton, Esq.
DC Bar # 990606
601 Pennsylvania Avenue, NW
Suite 900 South
Washington, DC 20004
Telephone: (202) 681-8783
Email: patrice.sulton@sultonlaw.com

**Plaintiffs' Attorney**